# Supreme Court of Kentucky

2021-SC-0315-KB

LEAH STACY FINK                                        MOVANT

V.                      IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                  RESPONDENT

### ORDER DENYING MOTION FOR RECONSIDERATION AND MODIFING OPINION AND ORDER

The Motion for Reconsideration, filed by the Movant, of the Opinion and Order of the Court, entered September 30, 2021, is DENIED. However, the Opinion and Order is modified by substitution of the attached Opinion in lieu of the original Opinion and Order.

All sitting. All concur.

ENTERED: December 16, 2021.

_____
CHIEF JUSTICE MINTON

# Supreme Court of Kentucky

2021-SC-0315-KB

LEAH STACY FINK                                                    MOVANT

V.                       IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                        RESPONDENT

## OPINION AND ORDER

Leah Stacy Fink was admitted to the practice of law in the Commonwealth of Kentucky on October 17, 1991.  Pursuant to Kentucky Supreme Court Rule (SCR) 3.510, she has applied for reinstatement of her bar license following a five-year suspension.  Her Kentucky Bar Association (KBA) member number is 83980 and her bar roster address is 480 East Ridge Road, SE, Corydon, Indiana 47112.  The Character and Fitness Committee recommended approval of her application for reinstatement, and the Board of Governors (Board) unanimously agreed.  We agree with the Board and therefore approve Fink's application for reinstatement, with conditions.

## FACTS AND PROCEDURAL HISTORY

Fink was licensed to practice in both Kentucky and Indiana.  In 1995 she was diagnosed with Crohn's disease and through 2015 she underwent

various medical procedures, some of which required hospitalization. These procedures and complications caused Fink to be bedridden for months at a time while suffering from intense pain. She began to use marijuana and methamphetamine as a way to cope with and treat the pain caused by her Crohn's disease.

In 2011 a confidential informant working for the Harrison County Indiana Sheriff's Department conducted a controlled drug buy from Jeremy Ripperdan, Fink's then-boyfriend, which took place at Fink's house. Law enforcement executed a search warrant on Fink's home and discovered equipment used in the manufacture of methamphetamine. Fink was arrested and charged with dealing methamphetamine, a Class B felony; possession of methamphetamine, a Class D felony; maintaining a common nuisance, a Class D felony; unlawful possession of syringe, a Class D felony; possession of two or more pre-cursors, a Class D felony; and possession of drug paraphernalia and possession of marijuana, both Class A misdemeanors. A jury found Fink guilty on all counts and on August 20, 2015 she was sentenced to eight years in prison.

On June 17, 2014, while the Harrison County charges were pending, Fink was indicted in Clark County, Indiana for drug-related offenses. The Jeffersonville Police Department executed a search warrant on a house in which Ripperdan was temporarily living. After discovering an active methamphetamine lab in a detached garage, police also discovered numerous items used to manufacture methamphetamine in the trunk of Fink's car,

2

which was parked in the driveway. Fink maintained that she was letting Ripperdan borrow her car at the time the items were discovered and that she was unaware he used her car to transport drug-related items. Fink pled guilty to one count of maintaining a common nuisance, a Class D felony, and was sentenced to one and one-half years in prison. Her sentence was later modified to nine months of home incarceration.

Because of her August 2015 conviction in Harrison County, Fink was temporarily suspended from the practice of law in Indiana and Kentucky. She resigned from the Indiana Bar in August 2015. On December 19, 2017 the Inquiry Commission of the KBA issued a two-count charge against Fink stemming from her criminal activity. The charge alleged violations of SCR 3.130(8.4)(b), which states that "[i]t is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Fink filed a motion for consensual discipline seeking a five-year suspension. Fink provided proof of her significant health problems, commitment to a drug rehabilitation program, cooperation with the Kentucky Lawyer Assistance Program (KYLAP), and consistent employment as a legal assistant. The KBA did not object to the motion.

In an Opinion and Order entered February 14, 2019 this Court accepted Fink's motion for consensual discipline and suspended her license to practice law in Kentucky for five years, retroactive from August 20, 2015 (the date of the Harrison County conviction), or until she satisfied the terms of her

3

criminal probation in Indiana. The Court also ordered Fink to continue participation in KYLAP, execute a release to allow Bar Counsel to access KYLAP monitoring reports, notify clients, courts and tribunals of her suspension, and pay the costs of the proceeding. Fink's home incarceration for the Clark County case ended on November 26, 2018. On March 17, 2020 the Harrison County Superior Court entered an order declaring that Fink had completed her sentence and satisfied all conditions of that criminal proceeding.

Fink served a portion of her sentence for the Harrison County conviction at a women's correctional facility in Indiana until she was released to home incarceration. Her incarceration ended on November 26, 2018. Since her initial arrest in 2011 (excluding the time she spent in incarceration), Fink worked as a legal assistant. She became, and remains, an active member of Alcoholics Anonymous/Narcotics Anonymous and continues to maintain sobriety. Fink manages her Crohn's disease through developed coping mechanisms. Additionally, the Board noted that Fink has accepted personal responsibility and acknowledged guilt for all of her drug-related charges.

On August 14, 2020 Fink filed an application for reinstatement. Pursuant to SCR 3.510(3), her application was referred to the Character and Fitness Committee which determined that Fink had complied with all the requirements of her consensual discipline as imposed by this Court in its February 14, 2019 Opinion and Order. Fink submitted letters and affidavits

4

from attorneys and coworkers that were favorable to her character and fitness and supported her application for reinstatement. Upon review of the record, the Committee concluded that Fink met her burden of proof as to the requirements for reinstatement and unanimously recommended that Fink be reinstated to the practice of law.

The Board undertook review of Fink's case and considered the entire record, including the matters leading up to and resulting in Fink's suspension from the practice of law in Kentucky, the subsequent events, findings of the Character and Fitness Committee, and the position of Bar Counsel. The Board concluded that Fink met all standards and requirements for reinstatement. Additionally, Fink's conduct since her suspension demonstrated an appropriate degree of rehabilitation necessary to support her reinstatement. The Board voted unanimously to adopt the Findings of Fact, Conclusions of Law and Recommendation of the Character and Fitness Committee and further recommended that a member of the Kentucky Bar Association, who is not a mentor or volunteer with KYLAP, serve as a mentor to Fink for three years and that Fink continue her involvement "with KYLAP and additional monitoring for a minimum period of five (5) years or as long thereafter as KYLAP deems necessary."

On September 13, 2021 Fink objected to the Board's additional recommendations of obtaining a mentor for three years and requiring an additional five years of KYLAP monitoring upon the conclusion of her current five-year agreement, which ends on May 5, 2022. Fink argues that the

proposed three-year mentorship is not supported by facts nor any findings made by the Board or Character and Fitness Committee and asserts that the Board gave no analysis or reason supporting its recommendation. Additionally, Fink asserts that there is no reason to extend her KYLAP agreement because she has been fully compliant and KYLAP agreements are not intended to last beyond any legitimate therapeutic time to assist in an attorney's recovery.

We disagree with the Board that an additional three-year mentorship is necessary in order to restore Fink to the practice of law. Fink was suspended for drug-related criminal conduct and the issues leading to that conduct have been actively overseen by KYLAP since 2017. At the time of her application for reinstatement Fink stated that she has worked in a non-lawyer support capacity for two lawyers for approximately five years. This employment has aided Fink in maintaining her professional capabilities to resume the practice of law. The most relevant form of mentoring given the underlying criminal charges and Fink's conduct is through KYLAP.

Fink acknowledged her substance abuse problem, accepting personal responsibility for the matters which led to the criminal cases. Fink's current participation with KYLAP includes making herself available for random drug testing (which usually occurs once per month), attending at least three recovery meetings per week, meeting with her KYLAP mentor, and submission of monthly reports to KYLAP. Fink has fully complied with these requirements. However, given the serious nature of the drug offenses and

6

obvious benefits of maintaining sobriety, we agree with the Board's recommendation to require Fink to continue her involvement with KYLAP for a minimum of an additional five years, or longer if KYLAP deems it necessary.

The KBA has certified that there are no pending disciplinary actions against Fink, she has completed her required Continuing Legal Education credits pursuant to SCR 3.685, she has not been the subject of any claims against the Clients' Security Fund, and that all costs of the disciplinary proceeding ordered to be paid have been paid. Fink has been rehabilitated and completed all terms necessary for reinstatement. The Board, Bar Counsel, and the Character and Fitness Committee endorse her reinstatement. We agree with and accordingly accept the Board's recommendation that Leah Stacy Fink's application for reinstatement to the practice of law be approved.

ACCORDINGLY, IT IS HEREBY ORDERED that Leah Stacy Fink's application for reinstatement to the KBA is approved pursuant to SCR 3.510, subject to the following conditions:

1. Upon expiration of her current KYLAP agreement on May 5, 2022, Fink shall continue her involvement with KYLAP for a minimum period of five years or as long thereafter as KYLAP deems necessary. KYLAP may amend the conditions of Fink's participation in the program, and her agreement with it, as it deems appropriate. Fink shall execute a release to continue allowing Bar Counsel to access KYLAP monitoring reports.

2. Pursuant to SCR 3.510(1), Fink is directed to pay all costs associated with these disciplinary proceedings, in the amount of $339.67. If the KBA costs exceed the posted bond, Fink will pay for any additional costs. This order of reinstatement is contingent upon payment of any outstanding bar dues, CLE compliance, and payment of the costs in this action.

All sitting. All concur.

ENTERED: September 30, 2021.

_____
CHIEF JUSTICE